JAQUALIN FRIEND PETERSON (6226)
KATHLEEN M. LIUZZI (7924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: jfpeterson@agutah.gov
        kliuzzi@agutah.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EVERETTE BACON,<br><br>                              Plaintiff,<br><br>          vs.<br><br>DIVISION OF SERVICES FOR THE BLIND and VISUALLY IMPAIRED, UTAH STATE OFFICE OF REHABILITATION, UTAH STATE BOARD OF EDUCATION, JOEL COLEMAN in his individual and official capacities, SARAH BRENNA, in her official capacity, and JON S. PIERPONT, in his official capacity,<br><br>                              Defendants. | **DEFENDANT UTAH STATE BOARD OF EDUCATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br><br>Civil Case No. 2:16cv01253<br><br><br>Judge Bruce S. Jenkins |

Defendant Utah State Board of Education (hereinafter "Defendant" or "Board of

Education"), by and through its undersigned counsel, answers Plaintiff's Second Amended

Complaint ("Second Amended Complaint") as follows:

## NATURE OF CASE[1]

1.      Plaintiff's characterization of the nature of his case does not require a response by Defendant, except that Defendant denies that it violated Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 or the American with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA").

## PARTIES

2.      Defendant admits that at all relevant times, Plaintiff was, and is, an employee of the Division of Services for the Blind and Visually Impaired ("DSBVI").  Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 2 and, therefore, denies the same.

3.      Defendant admits that it exists pursuant to Article X, Section 3 of the Utah Constitution, and is generally responsible for overseeing public education in the State of Utah. Defendant further admits that at the time of the events described in Plaintiff's Second Amended Complaint, Defendant oversaw the Utah State Office of Rehabilitation ("USOR") and DSBVI. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 3 and, therefore, denies the same.

4.      Defendant admits that at the time of the events described in Plaintiff's Second Amended Complaint, USOR reported to Defendant.  Defendant further admits that USOR serves individuals in Utah who have disabilities. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 4 and, therefore, denies the same.

---

[1] For ease of reference and reading, Defendant uses the same headings in this pleading as those contained in the Complaint.  Defendant does not admit the headings are accurate or accurately describe the allegations that follow them and, to the extent the headings ascribe liability, Defendant denies any such liability.

5.      Defendant admits that DSBVI develops and provides services and programs to citizens of Utah who are blind or have severe visual impairment, including vocational rehabilitation services, training and adjustment services, business enterprise programs, and field services for the entire State of Utah.  Defendant further admits that from March-July 2015 the Director of DSBVI reported to Joel Coleman in his capacity as Interim Executive Director of USOR. Defendant denies the remaining allegations of paragraph 5 not specifically admitted above.

6.      Defendant admits the allegations of paragraph 6.

7.      Defendant admits the allegations of paragraph 7.

8.      Defendant admits the allegations of paragraph 8.

9.      Defendant is without information sufficient to form a belief as to the allegations of paragraph 9 and, therefore, denies the same.

**JURISDICTION AND VENUE**

10.     Defendant admits that this Court has jurisdiction over cases filed under the Rehabilitation Act, the ADA, and 42 U.S.C. § 1983, and that Plaintiff has brought claims under these statutes.  Defendant is without information sufficient to form a belief as to the allegations of paragraph 10 and, therefore, denies the same.

11.     Defendant admits that venue is proper in this Court.

## ADMINISTRATIVE PROCEEDINGS

12.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 12 and, therefore, denies the same.

13.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 13 and, therefore, denies the same.

14.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 14 and, therefore, denies the same.

15.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 15 and, therefore, denies the same.

## GENERAL ALLEGATIONS

16.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 16 and, therefore, denies the same.

17.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 17 and, therefore, denies the same.

18.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 18 and, therefore, denies the same.

19.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 19 and, therefore, denies the same.

20.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 20 and, therefore, denies the same.

21.    Defendant is without information sufficient to form a belief as to the allegations of paragraph 21 and, therefore, denies the same.

22.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 22 and, therefore, denies the same.

23.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 23 and, therefore, denies the same.

24.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 24 and, therefore, denies the same.

25.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 25 and, therefore, denies the same.

26.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 26 and, therefore, denies the same.

27.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 27 and, therefore, denies the same.

28.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 28 and, therefore, denies the same.

29.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 29 and, therefore, denies the same.

30.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 30 and, therefore, denies the same.

31.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 31 and, therefore, denies the same.

32.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 32 and, therefore, denies the same.

33.     Defendant admits that Bill Gibson is blind, and that he retired. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 33 and, therefore, denies the same.

34.     Defendant admits a job posting for the Director position at DSBVI was posted on or around April 21, 2015.  Defendant denies the remaining allegations of paragraph 32 not specifically admitted above. Defendant further avers that the job posting speaks for itself and is the best evidence of its contents.

35.     Defendant denies the allegations of paragraph 35.

36.     Defendant admits that the National Federation of the Blind ("NFB"), the Utah Council of the Blind, and the Ogden Association of the Blind are three organizations in Utah that service the blind community. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 36 and, therefore, denies the same.

37.     Defendant admits the allegations of paragraph 37.

38.     Defendant admits that Plaintiff is both blind and a current employee of DSBVI, and that he was an applicant for the Director position.  Defendant further admits that at the time of the events alleged in Plaintiff's Second Amended Complaint, Plaintiff had an advanced degree, held a management level position with DSBVI, and experience providing rehabilitative services to blind clients. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 38 and, therefore, denies the same.

39.     Defendant admits that at the time of the events alleged in Plaintiff's Second Amended Complaint, Plaintiff was President of NFB.  Defendant is without information

sufficient to form a belief as to the remaining allegations of paragraph 39 and, therefore, denies the same.

40.     Defendant admits that Steve Winn is sighted and that he was one of the DSBVI applicants who applied for the Director position. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 40 and, therefore, denies the same.

41.     Defendant admits that at the time of the selection process for Director, Mr. Winn had worked as a Business Specialist for DSBVI for approximately four years. Defendant further admits that for approximately 15 years, Mr. Winn was the owner/operator of a vending machine company. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 41 and, therefore, denies the same.

42.     Defendant admits that Mr. Winn does not have an advanced degree or any degree in rehabilitation. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 42 and, therefore, denies the same.

43.     Upon information and belief, Defendant admits that seven of the seventeen applicants were chosen for interviews.  Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 43 and, therefore, denies the same.

44.     Defendant admits that Joel Coleman has a Master's degree in Public Administration and is not blind. Defendant further avers that Mr. Coleman's involvement as it relates to the selection of applicants who would be interviewed was in Mr. Coleman's capacity as Interim Executive Director of USOR.  Defendant denies the remaining allegations of paragraph 44 not specifically admitted above

45.     Upon information and belief, Defendant admits that Mr. Gibson had worked with Plaintiff for a number of years.  Defendant denies the remaining allegations of paragraph 45 not specifically admitted above.

46.     Defendant admits that the interviews were conducted by Mr. Coleman and an interview committee that included five blind or visually impaired individuals and two other sighted individuals; Mr. Coleman is also sighted.  Defendant denies the remaining allegations of paragraph 46 not specifically admitted above.

47.     Defendant admits that the interview committee members participated in the hiring process, but did not vote on candidates. Defendant denies the remaining allegations of paragraph 47 not specifically admitted above. Defendant further avers that the interview committee members provided Mr. Coleman with feedback, including insights and impressions, regarding each interviewee and that Mr. Coleman considered such input in rendering his hiring decision.

48.     Defendant admits the allegations of paragraph 48.

49.     Defendant denies the allegations of paragraph 49.

50.     Defendant denies the allegations of paragraph 50.

51.     Defendant denies the allegations of paragraph 51.

## FIRST CAUSE OF ACTION

**(Disability Discrimination in Violation of the ADA against Defendants Joel Coleman, Sarah Brenna and Jon S. Pierpont, in their Official Capacities)**

52.     Defendant adopts, incorporates, and reasserts its responses to paragraphs 1 through 52 of Plaintiff's Second Amended Complaint above.

53.     Defendant admits Plaintiff is blind.  The remaining allegations of paragraph 53 constitute a legal conclusion not requiring a response by Defendant. To the extent a response is

required, Defendant is without information sufficient to form a belief as to the allegations of paragraph 53 and, therefore, denies the same.

54.     The allegations of paragraph 54 constitute a legal conclusion not requiring a response by Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 54.

55.     Defendant admits the allegations of paragraph 55.

56.     Defendant denies the allegations of paragraph 56.

57.     Defendant denies the allegations of paragraph 57.

58.     The allegations of paragraph 58 constitute a legal conclusion not requiring a response by Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 58.

59.     The allegations of paragraph 59 constitute a legal conclusion not requiring a response by Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 59.

60.     Defendant denies the allegations of paragraph 60.

61.     Defendant denies the allegations of paragraph 61.

62.     The allegations of paragraph 62 constitute a legal conclusion not requiring a response by Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 62.

63.     Defendant denies the allegations of paragraph 63.

<u>**SECOND CAUSE OF ACTION**</u>

**(Disability Discrimination in Violation of the Rehab Act Against All Defendants)**

9

64.     Defendant adopts, incorporates, and reasserts its responses to paragraphs 1 through 64 of Plaintiff's Second Amended Complaint above.

65.     Upon information and belief, Defendant admits that it, USOR and DSBVI receive Federal funds. The remaining allegations of paragraph 65 constitute a legal conclusion not requiring a response by Defendant. To the extent a response is required, Defendant is without information sufficient to form a belief as to the allegations of paragraph 65 and, therefore, denies the same.

66.     The allegations of paragraph 66 constitute a legal conclusion not requiring a response by Defendant. To the extent a response is required, Defendant is without information sufficient to form a belief as to the allegations of paragraph 66 and, therefore, denies the same.

67.     Defendant denies the allegations of paragraph 67.

68.     Defendant denies the allegations of paragraph 68.

69.     Defendant denies the allegations of paragraph 69.

70.     Defendant denies the allegations of paragraph 70.

71.     Defendant denies the allegations of paragraph 71.

## THIRD CAUSE OF ACTION

**(Violation of Mr. Bacon's Right to Freedom of Association, in Violation of 42 U.S.C. § 1983, Against Defendant Coleman in his individual and official capacity)**

72.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

73.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

74.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

75.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

76.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

77.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

78.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

79.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

80.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

81.     As the Third Cause of Action is only brought against Mr. Coleman, this paragraph does not require a Response from Defendant.

**JURY DEMAND**

82.     This paragraph does not require a response from Defendant.

## PRAYER FOR RELIEF

In response to the Prayer for Relief section of the Second Amended Complaint, Defendant denies that Plaintiff is entitled to any relief that he purports to seek in the Second Amended Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation of the Second Amended Complaint not specifically admitted herein.

By way of further answer and affirmative defenses, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust his administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate his

12

damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because all acts of Defendant were done in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part because Plaintiff is unable to meet the legal requirements for prospective injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because all acts of Defendant were motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief he requests including, but not limited to, attorney's fees and costs, because the employment action at issue would have been taken even in the absence of unlawful discrimination.

## TENTH AFFIRMATIVE DEFENSE

The Answering Defendant is not a proper party as Defendant cannot provide the prospective injunctive relief requested by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims made or seek the relief requested in the Second Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any damages were caused by Plaintiff's own conduct and not by any misconduct or omission on the part of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorneys' fees are barred in whole or part because attorneys' fees are not an available remedy under his claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were the result of superseding and intervening causes and were not proximately caused by any act, omission, or other conduct of the Defendant or its officers, agents and employees.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or recovery reduced, by Plaintiff's and others' carelessness, recklessness, failure to avoid consequences, and/or negligence in the matters complained of in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or his recovery is limited because Plaintiff's damages were caused by the actions of Plaintiff or other third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This answering Defendant is not legally responsible for the acts and/or omissions of the other Defendants.

14

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant intends to assert each and every affirmative defense available and does not intend to waive any affirmative defenses by failing to assert them herein.  Defendant reserves the right to amend this Answer to add additional affirmative defenses as they become known through the discovery process.

Dated this 16th day of April 2018.

SEAN D. REYES
Utah Attorney General

/s/*Jaqualin Friend Peterson*
JAQUALIN FRIEND PETERSON
KATHLEEN M. LIUZZI
Assistant Utah Attorney General
Attorney for Defendants